UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEXA ESTHER MIRANDA,

    Plaintiff,

v.                                  Case No.:  6:23-cv-2268-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Lexa Esther Miranda seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C. **Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits on April 12, 2021, alleging disability beginning on April 1, 2021. (Tr. 74, 171-72). The application was denied initially and on reconsideration. (Tr. 74, 83). Plaintiff requested a hearing, and on March 1, 2023 a hearing was held before Administrative

Law Judge Sylvia Alonso ("ALJ"). (Tr. 36-65). On March 23, 2023, the ALJ entered a decision finding Plaintiff not under a disability from April 1, 2021, through the date of the decision. (Tr. 16-30). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request October 11, 2023. (Tr. 1-6). Plaintiff filed a Complaint (Doc. 1) on November 27, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2021, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: "disorders of the cervical and lumbar spines, right shoulder disorder, status-post right shoulder decompression, peripheral neuritis, carpal tunnel syndrome of right wrist, plantar fasciitis, and fibromyalgia." (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 [C.F.R. §] 404.1567(b). Specifically, Claimant can lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand/walk 4 hours of an 8 hour workday, sit 6 hours of an 8 hour workday; she can lift/carry no more than 15 pounds on an occasional basis, frequently climb ramps/stairs, occasionally climb ladders/ropes/scaffolds, and occasionally stoop, kneel, crouch, crawl; frequently reach overhead with the right upper extremity (arm/hand); with frequent handling and fingering with the right upper extremity with occasional exposure to vibrations and hazards, such as, unprotected heights.

(Tr. 22).

At step four, the ALJ determined that Plaintiff was capable of returning to her past relevant work as an office manager and a billing clerk. (Tr. 30). The ALJ also determined that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 30). The ALJ concluded that Plaintiff had not been under a disability from April 1, 2021, through the date of the decision. (Tr. 30).

## II.   Analysis

On appeal, Plaintiff contends that the ALJ failed to apply the correct legal standards to the opinions of: (1) treating physician, Jay E. Olsson, D.O., a pain management specialist; (2) treating physician Vijay Bhujang, M.D., a psychiatrist; and (3) mental consultative examiner, Scott M. Kaplan, Psy.D. (Doc. 19, p. 4).

### A. Opinions of Jay E. Olsson, D.O.

Plaintiff contends that the ALJ erred in evaluating the two opinions of Dr. Olsson by choosing only snippets from these opinions and ignoring other significant portions. (Doc. 19, p. 12). Plaintiff argues that the ALJ focused on Dr. Olsson's strength findings in his exam, but ignored his findings on Plaintiff's decreased range of motion in multiple areas, her mild to moderate pain, and her anxiety, tearfulness, and depression. (Doc. 19, p. 12-13). Plaintiff also argues that the ALJ misapprehended Dr. Olsson's opinions about Plaintiff's ability to sit and stand, and failed to analyze his opinions in the Fibromyalgia Questionnaire. (Doc. 19, p. 13-14).

The Commissioner contends that the ALJ focused heavily on Plaintiff's strength because Dr. Olsson repeatedly referenced Plaintiff's strength as a basis for the limitations in his opinion. (Doc. 22, p. 15). The Commissioner also contends that the ALJ found Dr. Olsson's opinions unsupported by his findings of normal or slightly reduced strength in all major areas. (Doc. 22, p. 15). The Commissioner further argues that the ALJ considered the consistency of Dr. Olsson's opinions with the other evidence of record in finding it inconsistent with Plaintiff's generally normal physical exam findings. (Doc. 22, p. 15-16). Lastly, the Commissioner argues that Dr. Olsson's Fibromyalgia Questionnaire responses do not constitute an opinion under the Regulations. (Doc. 22, p. 16).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

Dr. Olsson treated Plaintiff for chronic pain from April 2019 through November 2021. (Tr. 340-376, 628-39). In the decision, the ALJ summarized Dr.

Olsson's treatment notes from a September 21, 2021 office visit as follows. (Tr. 25, 628-35). Plaintiff complained of mild to moderate musculoskeletal pain in various parts of her body, with radiation in the spine. (Tr. 25). On examination, Dr. Olsson found Plaintiff had a limited range of motion in various areas, pain with palpation in various areas, and muscle strength of 5/5 in the major primary muscle areas. (Tr. 25). He assessed Plaintiff with: fibromyalgia; pain in the thoracic spine; low back pain; idiopathic neuropathy caused by chemotherapy; bilateral primary osteoarthritis of the knees; pain in the feet, hips, and legs; cervicalgia; pain in the right and left shoulders; and dystonia, unspecified. (Tr. 25). Among other things, the ALJ failed to mention that Dr. Olsson also found Plaintiff had 4/5 strength in various areas and a reduced range of motion as well. (Tr. 631).

On October 13, 2021, Dr. Olsson completed a Medical Questionnaire based on an examination. (Tr. 644-47). In the Questionnaire, Dr. Olsson found Plaintiff could lift and carry 10 pounds, based on reduced strength. (Tr. 644). He found Plaintiff could stand less than 1 hour without interruption, could stand or walk less than 1 hour in an 8-hour day, and could sit without interruption for less than 1 hour in an 8-hour day, due to her reduced strength and gait. (Tr. 644-45). He further found Plaintiff could never climb, and could occasionally balance, stoop, crouch, kneel, and crawl. (Tr. 645). Due to pain, Dr. Olsson found limitations in reaching, pushing, and pulling. (Tr. 645). Overall, he determined that Plaintiff had reduced endurance

to accomplish work-related activities. (Tr. 645). He determined Plaintiff would be absent from work four or more days per month due to her impairments or treatment. (Tr. 646). As to pain, he found that Plaintiff had generalized pain from fibromyalgia, and had specific pain in her thoracic area, both feet, neck, upper extremities, lower back, and knee, and also found Plaintiff had neuropathy. (Tr. 646). Her treatment included medication, joint and trigger pain injections, and physical therapy. (Tr. 646). Dr. Olsson found Plaintiff's complaints of pain and polyneuropathy consistent with her history of chemotherapy for Hodgkin's lymphoma and found Plaintiff's pain increased with activity, and interfered with her concentration and mood. (Tr. 646, 647). Along with pain, he found Plaintiff also suffered from severe fatigue, malaise, and a continual feeling of illness or discomfort. (Tr. 646, 647). He determined Plaintiff had mild limitations in activities of daily living, and maintaining social function, but had moderate limitations in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. (Tr. 647). Finally, Dr. Olsson found that Plaintiff should avoid prolonged walking, lifting, and bending. (Tr. 647).

Briefly, in the Fibromyalgia Questionnaire from the same date, Dr. Olsson found Plaintiff met the criteria for fibromyalgia, including having many tender points. (Tr. 648-49). Along with positive tender points, Dr. Olsson found Plaintiff

showed signs of fatigue, anxiety, forgetfulness, sleep disturbances, muscle tenderness, and skin sensitivity. (Tr. 649).

In the decision and after summarizing Dr. Olsson's Medical Questionnaire findings, the ALJ determined:

> First, Dr. Olsson's opinion on lifting, sitting, standing, and walking appears to be overstated and not supported by the objective evidence of record. For example, while he indicates that his opinion regarding the claimant's ability to lift is supported by decreased strength testing, the reported decrease strength on exam is 4/5, which is mildly decreased (5/5 is normal) (See Ex. 8F) and does not appear to impact the claimant to the extent he opines. Cf. CE who indicated 5/5 strength in the upper and lower extremities (Ex. 6F). Further, Dr. Olsson's opinion regarding the claimant's ability to stand and walk is inconsistent with the record, which shows the claimant walks independently and without any assistive devices. Moreover, if she were as limited as he opined, to less than 1 hour of sitting, standing, and walking, he does not indicate what the claimant would be doing the rest of the eight hours. Moreover, his opinion regarding the claimant's ability to stand and walk appears internally inconsistent with his final statement that the claimant cannot engage in prolonged walking, lifting, or bending. Finally, his opinion regarding concentration/persistence/pace is not supported by the objective evidence of record including his own treatment notes, which show normal/unremarkable mental status findings (Exs. 10F - 11F).

(Tr. 29).

The ALJ took a narrow view of the persuasiveness of these opinions. While Dr. Olsson found that Plaintiff had an ability to lift only 10 pounds and was very limited in sitting, standing, and walking, overall Dr. Olsson supported this finding by attributing Plaintiff's limitations to her reduced strength and endurance for these

activities. (Tr. 645). Having reduced endurance for activities of lifting, walking, standing, and sitting, explains why Plaintiff could have full or slightly decreased strength findings, but be unable to maintain these levels for an entire workday. And while the ALJ noted that Plaintiff walked independently and without an assistive device, Dr. Olsson supported his opinion of limitations in these areas by finding Plaintiff's ability to walk for long distances was impaired due to her lack of endurance, pain in the knees and feet, her polyneuropathy, and her severe fatigue and malaise. (Tr. 29, 644-46). The ALJ also questioned if Plaintiff was so limited in sitting, standing and walking, what would she do for the rest of the day. (Tr. 29). Dr. Olsson found, however, that Plaintiff could sit for less than one hour without interruption, and made no finding on how long Plaintiff could sit in an 8-hour day, with interruptions. (Tr. 644-45). Lastly, the ALJ's next statement makes no sense: "Moreover, his opinion regarding the claimant's ability to stand and walk appears internally inconsistent with his final statement that the claimant cannot engage in prolonged walking, lifting, or bending." (Tr. 29). Dr. Olsson's opinion that Plaintiff was limited in standing and walking supports his finding that Plaintiff should avoid prolonged walking, lifting, and bending. (Tr. 644-45, 647).

      The Court recognizes that it may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Here, though, the

ALJ's persuasiveness findings on Dr. Olsson's opinions are not supported by substantial evidence and the ALJ did not properly apply the legal standards in the Regulations. Thus, remand is warranted.

### B.     Remaining Issues

Plaintiff also challenges whether the ALJ applied the correct legal standards to the opinions of Vijay Bhujang, M.D. and Scott Kaplan, Psy.D. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

### III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the opinions of Dr. Olsson, Dr. Bhujang, and Dr. Kaplan. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 26, 2024.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties